ABRAHAM J. ROVNER, PLAINTIFF-RESPONDENT, v. EVER-READY MORTGAGE COMPANY, DEFENDANT-APPELLANT.

Submitted January 28, 1927—Decided May 21, 1927.

**Sale of Real Estate—Recovery of Deposit—Purchaser Refused to Accept Title Because of a Lease Running For Some Years —District Court Refused Nonsuit and Gave Judgment to Plaintiff on Ground That Tenant Had an Interest in the Land—Held, That the Terms of the Lease Did Not Create an Encumbrance Other Than That to Which Vendee Had Agreed to Except From the Operation of His Contract.**

On appeal from the Camden District Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *David R. Rose.*

For the respondent, *Carl Kisselman.*

PER CURIAM.

Abraham Rovner was the assignee of a sales agreement dated October 23d, 1925, made between the Ever-Ready Mortgage Company, as vendor, and David G. Gades, as vendee, on which a deposit of $500 had been made. The agreement was to convey the property clear of all encumbrances and that "possession shall be given the buyer subject to the present farm lease." The farm lease was introduced in evidence.

It is dated May 21st, 1924, between Connell, the then owner of the land, and Michael Winchstein, the tenant, and was to run for five years at the rental of $30 a month. Incorporated in this lease is a provision to the effect that the tenant would surrender the agreement and all claims under it if the property should be sold for not less than $7,000 and that the lessor would pay to the tenant one-half of the amount received over $5,500 and the costs of sale and assessments. At the time the agreement of sale was executed, Winchstein was in possession and so continued at the time the contract was to be carried out at the expiration of six months from its date (time being made of the essence of the contract), and the title was refused by the purchaser on the ground of such possession.

In an action to recover the deposit of $500, the District Court judge, conceiving that the tenant had an interest in the lands apart from leasing rights, denied a motion for nonsuit, and gave judgment for the plaintiff.

These rulings we think were wrong. Condensed, the lease was simply a farm lease for five years with the privilege to the owner to sell out at a price not less than $7,000 and to obtain possession by payment to the tenant of one-half the proceeds of sale over and above $5,500. This weakened the term rather than gave the tenant any interest in the property itself. It certainly did not create an encumbrance on the property other than that to which the vendee had agreed to except from the operation of his contract.

The judgment is reversed and a new trial ordered.